IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BUDDY P. KAMAKEEAINA,<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG PRODUCE, LTD.,<br><br>Defendant. | Case No. 19-cv-00158-DKW-RT<br><br>**ORDER (1) GRANTING MOTION TO CONSOLIDATE; (2) DENYING AS MOOT MOTION TO DISMISS; AND (3) REQUIRING PLAINTIFF TO FILE A CONSOLIDATED COMPLAINT** |

On December 7, 2018, Plaintiff Buddy P. Kamakeeaina, proceeding pro se, filed, in federal court, a complaint against Armstrong Produce, Ltd., alleging that he was not hired for a position with Armstrong due to disability and age in violation of the Americans with Disabilities Act (ADA), the Age Discrimination Act, the Age Discrimination in Employment Act (ADEA), and the Rehabilitation Act of 1973 ("Case No. 18-cv-480"). On January 9, 2019, Kamakeeaina, proceeding pro se, filed, in state court, a complaint against Armstrong, alleging that he was not hired for a position with Armstrong due to disability and age in violation of the Hawaiʻi Fair Employment Practices Act (HFEPA), as well as the Rehabilitation Act and Title VII of the Civil Rights Act of 1964 (Title VII) ("the State Case"). On March 29, 2019, Armstrong removed the State Case to this Court on the basis of federal question and supplemental jurisdiction ("Case No. 19-

cv-158"). Dkt. No. 1. Soon thereafter, Armstrong filed a motion to consolidate Case No. 18-cv-480 and Case No. 19-cv-158, Dkt. No. 8, and a motion to dismiss the complaint filed in the State Case, Dkt. No. 7. Because the facts alleged in Case No. 18-cv-480 and Case No. 19-cv-158 are the same, the Court grants the motion to consolidate. Further, in order to more efficiently consolidate the two cases, to the extent allowed below, the Court instructs Kamakeeaina to file a consolidated complaint. As a result, the motion to dismiss is denied as moot.

## BACKGROUND

I. **Case No. 18-cv-480**

As the Court described in an Order dated March 22, 2019 in Case No. 18-cv-480 ("the March 22, 2019 Order"), Kamakeeaina asserted claims under at least four federal statutes, together with a claim for intentional infliction of emotional distress. Under the Age Discrimination Act and the ADEA, Kamakeeaina asserted claims of age discrimination. The majority of the complaint, though, was dedicated to claims under the ADA. Kamakeeaina alleged that he suffers from post-traumatic stress disorder (PTSD) and depression. After Armstrong made Kamakeeaina a conditional offer of employment, he was required to, among other things, pass an on-site drug test. Kamakeeaina also had a subsequent interview with Armstrong's Human Resources Director Marlene McKenzie (McKenzie).

At that interview, Kamakeeaina told McKenzie that he was registered under Hawaii's Medical Cannabis Program. After continued conversation between the two, McKenzie told Kamakeeaina that, if his drug test was positive, Armstrong would need to withdraw its employment offer. Thereafter, Kamakeeaina said to McKenzie that he was "prepared to have the offer taken off the table." After further conversation, but without McKenzie administering a drug test, she withdrew Kamakeeaina's employment offer. Based upon his conversation with McKenzie, as well as her conduct, Kamakeeaina alleged that a host of statutory provisions under the ADA were violated. Principally, though, the complaint alleged a failure-to-hire claim under the ADA. The Complaint also attempted to allege violations of the Rehabilitation Act, based on the same events.

In the March 22, 2019 Order, the Court granted in part and denied in part Armstrong's motion to dismiss, allowing Kamakeeaina to amend only certain claims. Specifically, Kamakeeaina was granted leave to amend his claims under: (1) the ADA for (i) an alleged violation of Section 12203(b), and (ii) failure to provide a reasonable accommodation; and (2) the Rehabilitation Act for an alleged violation of Section 794(a). The complaint was dismissed with prejudice as to Kamakeeaina's claims: (1) under the Age Discrimination Act; (2) under the ADA for alleged violations of (i) Section 12112(d)(2)(A), (ii) Section 12112(d)(3)(B),

3

(iii) Section 12112(b)(7), and (iv) Section 12112(b)(6); (3) under the Rehabilitation Act for an alleged violation of Section 793(a); (4) under the Drug-Free Workplace Act (DFWA), if any; and (5) for intentional infliction of emotional distress. The motion to dismiss was denied with respect to Kamakeeaina's claims under the ADA for a failure to hire and for an alleged violation of Section 12112(b)(1). In addition, Armstrong did not seek dismissal with respect to any claim under the ADEA.

## II. Case No. 19-cv-158

In the instant complaint, the factual allegations follow an identical course as those in Case No. 18-cv-480. As in that case, the instant complaint alleges that Kamakeeaina suffers from PTSD and depression. After Armstrong made Kamakeeaina a conditional offer of employment, he was required to, among other things, pass an on-site drug test. Kamakeeaina also had a subsequent interview with McKenzie. At that interview, Kamakeeaina told McKenzie that he was registered under Hawaiʻi's Medical Cannabis Program. After continued conversation between the two, McKenzie told Kamakeeaina that, if his drug test was positive, Armstrong would need to withdraw its employment offer. Thereafter, Kamakeeaina said to McKenzie that he was "prepared to have the offer

4

taken off the table." After further conversation, but without McKenzie administering a drug test, she withdrew Kamakeeaina's employment offer.

The main difference between Case No. 18-cv-480 and Case No. 19-cv-158 is that, in the instant case, rather than primarily relying upon the ADA, the complaint primarily relies upon the HFEPA, appearing to assert a number of claims thereunder. Again, though, the principal claim is a failure to hire. The instant complaint, like the complaint in Case No. 18-cv-480, also quotes verbatim from various other statutes, including the DFWA, Title VII, and the Rehabilitation Act. Some of the quoted statutes–*e.g*., the DFWA and the Rehabilitation Act–are quoted in the same fashion in both cases.

Armstrong has moved to dismiss all but two of the claims that it has construed from the instant complaint on the grounds of claim preclusion and failure to state a claim ("the Motion to Dismiss").[1] Dkt. No. 7-1. Armstrong has also moved to consolidate the two cases. Dkt. No. 8.

## STANDARD OF REVIEW

**Consolidation**

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions involving a common question of law or fact. A court has broad discretion

---

[1] Armstrong does not seek dismissal of Kamakeeaina's claims for age and disability discrimination based on a refusal to hire. Dkt. No. 7-1 at 4.

in making this decision, and, in doing so, should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

## **DISCUSSION**

Resolution of the motion to consolidate is straightforward. As the foregoing background demonstrates, the facts alleged in Case No. 18-cv-480 and Case No. 19-cv-158 are the same, which, thus, satisfies Rule 42(a)'s requirement for common questions of fact.[2] As for the discretionary factors a court should consider, provided that a single consolidated complaint is filed, those factors strongly favor consolidation. Without a doubt, if a consolidated complaint is filed, a single action will produce savings in time, effort, money, and convenience, given that there will be no need to duplicate motions practice and, if necessary, discovery and/or trial. As a result, the motion to consolidate is GRANTED.

In granting the motion to consolidate, Kamakeeaina will be required to file a consolidated complaint, to the extent allowed below. This is because, from the Court's perspective, there is little point in consolidating these two cases if two separate complaints remain. Also, as the foregoing background demonstrates, the

---

[2]There are also common questions of law, given that the alleged facts in both cases involve age and disability discrimination. Indeed, as discussed, certain of the statutory provisions Kamakeeaina quotes in both complaints are identical.

two complaints are substantively identical except that the one in Case No. 18-cv-480 solely involves federal law, while the one in Case No. 19-cv-158 involves a mix of state and federal law.  There is no reason for there to be two complaints arising out of the same facts to assert these claims, and the Court certainly will not allow two separate phases of motions practice to occur.  As a result, in order to combine all of Kamakeeaina's remaining claims, a consolidated complaint will be required.

As indicated, however, the claims Kamakeeaina may assert in a consolidated complaint are limited.  That is because, in Case No. 18-cv-480, the Court has already ruled on one motion to dismiss.  In that ruling, the Court restricted the claims Kamakeeaina could assert in any amended complaint.  The <u>same</u> restrictions shall apply to the consolidated complaint.

In other words, in the consolidated complaint, Kamakeeaina may **not** assert any claims: (1) under the Age Discrimination Act; (2) under the ADA for alleged violations of (i) Section 12112(d)(2)(A), (ii) Section 12112(d)(3)(B), (iii) Section 12112(b)(7), and (iv) Section 12112(b)(6); (3) under the Rehabilitation Act for an alleged violation of Section 793(a); (4) under the DFWA, if any; and (5) for intentional infliction of emotional distress.  Moreover, the consolidated complaint must address the deficiencies identified in the March 22, 2019 Order with respect

to Kamakeeaina's claims under: (1) the ADA for (i) an alleged violation of Section 12203(b), and (ii) failure to provide a reasonable accommodation; and (2) the Rehabilitation Act for an alleged violation of Section 794(a).  Put simply, Kamakeeaina should follow the instructions in the March 22, 2019 Order. Moreover, to the extent applicable, he should apply those instructions to any claims asserted under the HFEPA.

Further, Kamakeeaina may not assert any new or different claims in the consolidated complaint.  In other words, in the consolidated complaint, Kamakeeaina may only assert claims that have been <u>both</u> (1) raised in either Case No. 18-cv-480 or Case No. 19-cv-158, <u>and</u> (2) not dismissed without leave to amend in the March 22, 2019 Order.

In addition, to the extent any claims from either Case No. 18-cv-480 or Case No. 19-cv-158 are not re-alleged in the consolidated complaint, they will be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

Finally, because a consolidated complaint is required in this consolidated action, the Motion to Dismiss is DENIED AS MOOT and without prejudice.

## CONCLUSION

The motion to consolidate, Dkt. No. 8, is GRANTED. The Clerk is instructed to consolidate Case Nos. 18-cv-480-DKW-RT and 19-cv-158-DKW-RT under the **18-cv-480-DKW-RT** case number[3] and to file this Order under both case numbers. All future filings for these consolidated actions shall be made under the 18-cv-480-DKW-RT case number. When a consolidated complaint is filed in Case No. 18-cv-480, Case No. 19-cv-158 will be closed.

The Motion to Dismiss, Dkt. No. 7, is DENIED AS MOOT and without prejudice.

Kamakeeaina may have until **May 6, 2019** to file a consolidated complaint in Case No. 18-cv-480 to the extent allowed herein. The deadline, in Case No. 18-cv-480, for Kamakeeaina to file an amended complaint by April 26, 2019 is VACATED.

IT IS SO ORDERED.

Dated: April 15, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

[3] The Court opts to consolidate under Case No. 18-cv-480 because that case is more procedurally advanced and has the advantage of already containing a ruling on an initial iteration of Kamakeeaina's causes of action.